T.C. Summary Opinion 2007-122

UNITED STATES TAX COURT

ANNA E. AND MARK S. WARRINGTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6035-06S.                    Filed July 19, 2007.

Anna E. and Mark S. Warrington, pro sese.

<u>Ronald S. Collins</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $8,055.90 in petitioners' 2004 Federal income tax. The issue we must decide is whether petitioners are liable for the 10-percent additional tax for an early distribution from a retirement account under section 72(t) in 2004.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioners resided in West Grove, Pennsylvania.

During 2004, petitioner Anna Warrington (Ms. Warrington) was employed by Blue Cross/Blue Shield of Delaware as a customer service representative. Ms. Warrington had worked for Blue Cross/Blue Shield for 10 years. Apparently due to some problems involving her daughter, Ms. Warrington began suffering from a self-characterized "nervous breakdown" in 2004. This breakdown caused Ms. Warrington to miss work and, often, left her unable to leave the house. Ms. Warrington's employment with Blue Cross/Blue Shield was terminated in May 2004. On June 11, 2004, MetLife Insurance Co. (MetLife) sent Ms. Warrington a letter approving her for 1 month of disability benefit payments.

Although Ms. Warrington had seen a psychiatrist in the past in relation to her problems with her daughter, Ms. Warrington felt that the psychiatrist's treatments were unhelpful. At some

point, Ms. Warrington began seeing a general practitioner, Dr. O'Brien. Petitioners submitted medical records dated June 2004 pertaining to Ms. Warrington's medical treatment during the relevant timeframe, indicating that she was unable to perform work.

Because Ms. Warrington could not work in 2004, her family suffered from financial problems. As a result, she withdrew money from her retirement account in July or August of 2004. Ms. Warrington began working in 2005 for Comcast in its customer service department. Although she had some setbacks, on December 20, 2005, Ms. Warrington's physician wrote in his office notes that Ms. Warrington could return to work without restrictions. Ms. Warrington earned wages of $7,653 in 2005 and was employed as of the date of trial.

Petitioners filed their 2004 joint Federal income tax return on April 15, 2005. On the return, petitioners reported income from pensions and annuities in the amount of $80,559. Respondent issued a notice of deficiency, in which he asserted an increase in tax of $8,055.90 pursuant to section 72(t) for an early distribution from Ms. Warrington's retirement account in 2004. Ms. Warrington was 45 years old in 2004.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the

taxpayer bears the burden of proving that these determinations are in error.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[2]

Section 72(t) provides for an additional tax where a person under the age of 59-1/2 withdraws money from a qualified retirement account, unless that person falls within an enumerated exception.  Section 72(t)(1) and (2) provides in relevant part:

> SEC. 72(t).  10-Percent Additional Tax on Early Distributions From Qualified Retirement Plans.--
>
> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.
>
> (2) Subsection not to apply to certain distributions.--Except at provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:
>
> > (A) In general.--Distributions which are--
> >
> > *    *    *    *    *    *    *
> >
> > > (iii) attributable to the employee's being disabled within the meaning of subsection (m)(7),[3]

---

[2] Petitioners do not claim that the burden of proof shifts to respondent under sec. 7491(a).

[3] Ms. Warrington testified that the qualified plan at issue was a sec. 401(k) plan.  Distributions from a sec. 401(k) plan are subject to sec. 72(t).  See secs. 4974(c)(1), 401(a).

Section 72(m)(7) provides:

> (7) Meaning of disabled.--For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration.  An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

Generally, it is intended that the proof of disability be the same as where the individual applies for disability payments under Social Security.  Dwyer v. Commissioner, 106 T.C. 337, 341 (1996) (citing S. Rept. 93-383 at 134 (1974), 1974-3 (Supp.) C.B. 80, 213).

In Dwyer, we stated:

> The regulations, promulgated pursuant to the statutory authorization contained in section 72(m)(7), provide that an individual will be considered to be disabled if he or she is unable to engage in any "substantial gainful activity" by reason of any medically determinable physical or mental impairment that can be expected to result in death or to be of long-continued and indefinite duration.  Sec. 1.72-17A(f)(1), Income Tax Regs.  Significantly, the regulations also provide that an impairment which is remediable does not constitute a disability.  Sec. 1.72-17A(f)(4), Income Tax Regs.

Id.

Petitioners contend that Ms. Warrington was disabled within the meaning of section 72(m)(7), and that they are therefore entitled to an exception from the additional tax pursuant to section 72(t)(2)(A)(iii).  Ms. Warrington testified that her

illness was so severe that she was unable to go to work in 2004 and most of 2005. Indeed, Ms. Warrington's testimony established that she and her family suffered financially from her inability to leave the house and make a living during that period. However, Ms. Warrington's testimony and the parties' stipulations show that Ms. Warrington's doctor told her and wrote in his notes on December 20, 2005, that he believed she would be able to return to work. Ms. Warrington was employed during part of 2005 and at the time of trial.

Notwithstanding the apparent severity of Ms. Warrington's illness in 2004, the evidence does not support a conclusion that her illness fell within the definition of "disabled" as contemplated by section 72(t) and (m)(7) or the regulations thereunder. Ms. Warrington resumed work in 2005 and is now able to engage in an activity comparable to the one in which she engaged prior to her illness. Accordingly, Ms. Warrington fails to meet the regulatory requirement that an individual be so impaired as to be unable to engage in a "substantial gainful activity", in order to be exempted from the 10-percent additional tax. Sec. 1.72-17A(f)(1), (4), Income Tax Regs. Unfortunately for petitioners, it is not whether their family was in need of Ms. Warrington's retirement money due to Ms. Warrington's illness; the question is whether a taxpayer fits within the technical parameters of a particular law. In this situation,

petitioners withdrew money from Ms. Warrington's qualified retirement plan prematurely and failed to fall within the exception provided in section 72(t) and (m)(7).

For the foregoing reasons, we hold that petitioners are liable for the 10-percent additional tax under section 72(t) on the early distribution from Ms. Warrington's qualified retirement plan in 2004.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.